UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA LYNN LAFLORA,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. 1:24-cv-00780-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 12, 14) |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for social security disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 3, 9).

Plaintiff filed her motion for summary judgment on September 30, 2024. (ECF NO. 12). Defendant filed its oppositional brief on October 29, 2024. (ECF No. 14). On November 11, 2024, Plaintiff filed a notice that she would not file a reply. (ECF No. 15).

Plaintiff raises the following issue: "The ALJ failed to provide clear and legitimate reasons in rejecting [her] testimony." (ECF No. 12 at 5). Plaintiff seeks an order from the Court

1

reversing the final decision of the Commissioner and ordering the payment of benefits. (*Id.* at 11). In the alternative, Plaintiff asks the Court to remand for further administrative proceedings. (*Id.*).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

**I.      ANALYSIS**

Plaintiff challenges the following RFC assessed by the ALJ:
[T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a),1 except she can only occasionally climb ramps and stairs; never climb ladders, ropes and scaffolds; occasionally stoop, balance, kneel, and crouch; never crawl; occasional push/pull with the bilaterally lower extremities; occasional exposure to concentrated fumes odor or other pulmonary irritants; never work at unprotected heights; frequent handling and fingering with the bilateral upper extremities; and she requires the use of a cane for ambulation during the workday.

(A.R. 84).

Plaintiff contends the ALJ failed to provide clear and convincing reasons for rejecting her allegations that she is unable to maintain work due to her bilateral carpal tunnel, herniated disc, stenosis, degenerative disc disease, and sacroiliitis. (ECF No. at 5). Plaintiff specifically argues that the ALJ did not properly consider her testimony that she uses a walker and that her hands lock up. (*Id.* at 6, 7).

Plaintiff testified that "she has a seated walker and a cane that was prescribed[,] . . . [and] she uses the walker when she goes to doctor's appointments; and uses the cane around the house." (*Id.*) (citing A.R. 186). Similarly, Plaintiff also testified at the hearing that "her hands lock on her and she is unsure if it is because of her hands or because of her cervical spine," "[she] cannot write more than a paragraph before a sharp pain occurs requiring her to take a break," "[she] can lift with both hands no more than three pounds," "[she] cannot manage her personal needs such as showering, dressing, or grooming herself," and "[t]he most she can do is brush her teeth and wash her face." (*Id.*) (citing, generally, A.R. 181-182, 184).

Defendant responds that the "ALJ's reasoning was sufficiently specific and substantial evidence supports [the decision]." (ECF No. 14 at 2). Defendant states that the "ALJ found contradictions between Plaintiff's allegations and the evidence in the medical record." (*Id.*).

2

Similarly, Defendant states that the ALJ found contradictions between Plaintiff's allegations and the evidence in the medical record. (*Id.* (citing A.R. 84-89)). Defendant points out that "ALJ also found that Plaintiff's allegations conflicted with the prior administrative medical findings." (*Id.* at 3 (citing A.R. 88-89)). Defendant further argues that "Plaintiff offers her own selection of other evidence that, in her view, supported her statements about her limitations" but she "ignores the extremely deferential 'substantial evidence' standard of review provided in 42 U.S.C. § 405(g)." (*Id.* (citing ECF No. 12 at 6-9). Defendant concludes by stating that "[t]he ALJ reasonably concluded that Plaintiff was not disabled within the meaning of the Social Security Act" and asking the Court to affirm the Commissioner's decision. (*Id.* at 4).

### A.   Legal Standards

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of [plaintiff's] testimony is supported by substantial evidence under the clear-and-convincing standard.").

As the ALJ's RFC assessment is ultimately at issue here, the Court notes that a claimant's

RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

### B.     AlJ's Opinion

Here, the ALJ provided the following recitation of Plaintiff's subjective complaints:

> The claimant alleges disability due to combination of her physical impairments. Specifically, Ms. La Flora alleges disability due to ongoing back and leg pain despite undergoing surgery. She stated that she lives with her husband and her three children ages 9, 11 and 15. She testified that she relies on her husband to perform household chores and he was recently appointed as her caregiver, but they are waiting on approval for him to paid for this position. She stated that she does not drive anymore as she has numbness in her toes since undergoing lumbar surgery in August 2022 and she generally relies on her husband for rides. Ms. La Flora also stated that her hands lock up at times with more significant symptoms in her right dominant hand. She noted that she can brush her teeth and wash her face, but she needs assistance with other personal care activities. She estimated that she needs to take breaks every 15 minutes due to her back locking. Ms. La Flora testified that she may need to undergo additional surgery to stabilize her spine. She testified that she did not have success or complete physical therapy because it increased her back and knee pain, so she stopped the therapy after 12 sessions. She indicated that her pain has persisted despite undergoing injections and using muscle relaxer and hydrocodone for pain. The claimant testified that she also frequently uses a TENS unit for back pain. She indicated that her symptoms have worsened since undergoing surgery. She noted that she uses a prescribed walker when she goes to doctor appointments and she uses a prescribed cane around the

>house, although her gait seems improved since undergoing surgery. (Hearing testimony and Exhibit B37F, p.102).

(A.R. 84-85).

The ALJ then stated:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with or well supported by the medical evidence and other evidence in the record for the reasons explained in this decision. Ms. La Flora stated that during the day her son does homeschooling at home and he requires some attention from her and keeps her on her toes throughout the day. She also assists with household activities and her activities include meal preparation, ordering groceries online, attending appointments, and watching television. (Exhibits B3E, B6E, B11E, and hearing testimony). This level of activity, though not conclusive as to any issue, is consistent with the residual functional capacity as found.

(A.R. 85).

Thereafter, the ALJ summarized the medical record. (A.R. 85-88).

The ALJ then considered the medical opinions of three administrative medical examiners. (A.R. 88-89). The ALJ first considered the opinion of Dr. J. Rule of the Disability Determination Services ("DDS"), who determined that Plaintiff is capable of approximately medium work. (A.R. 88). The ALJ found this opinion "unpersuasive" and "unsupported by the evidence cited by Dr. Rule including the claimant's history of back pain and treatment with injections, physical therapy and surgery as well as X-ray imaging showing disc protrusions." (*Id.*).

The ALJ next considered the opinion of K. Vu, D.O., also of DDS, who found Plaintiff capable of performing light work. (A.R. 88-89). The ALJ found the opinion of D.O. Vu more persuasive because the opinion was "consistent with the medical evidence to showing deficits in range of motion, gait, and a straight leg test, but intact sensation and motor strength." (*Id.*). The ALJ also found that Dr. Vu's assessment was "supported by the evidence cited . . . including an antalgic gait and MRI imaging show disc bulging as well as the claimant's own description of her activities including no driving and assistance with household activities." (A.R. 89).

The ALJ last considered the opinion of neurosurgeon Majid Rahmifar, M.D, who found Plaintiff incapable of performing less than sedentary work. (*Id.*). The ALJ stated that this was

inconsistent "with medical records as a whole as well as the recommended type and degree of treatment going forward including medication and physical therapy and "with the claimant's own description of her activities." (*Id.*). The ALJ further stated that the conclusion of Dr. Rahmifar was "unsupported by [his] own treatment notes citing recent objective imaging of the lumbar spine with no spinal stenosis, no foraminal stenosis or nerve root compromise and with no significant gait deficits noted upon examination." (*Id.*).

> The ALJ concluded that:
> Overall, the record does not support limitations that would prevent the claimant from working within the residual functional capacity. Ms. La Flora's own description of her activities, coupled with the findings on examination as noted in detail above, demonstrate that she can perform functions within the assessed residual functional capacity. No single factor mentioned here is alone conclusive on the issue to be determined, but when viewed in combination and in conjunction with the medical history and examination findings they suggest that the claimant is not as limited as he claims. Given the claimant's history of ongoing back pain with radicular symptoms following as well as knee pain, history of carpal tunnel symptoms, and mild obesity, I find that claimant is limited sedentary work with postural, manipulative, and environmental limitations.

(*Id.*).

### C.    Discussion

After review of this record, the Court finds that the ALJ gave sufficient reasons for discounting Plaintiff's subjective symptom testimony. The ALJ properly pointed to inconsistencies between her testimony and the record. Whereas Plaintiff stated that her husband was "doing basically everything" for her, (A.R. 84, 181), elsewhere in the record, Plaintiff stated that she cooked for her family. (A.R. 352). Plaintiff also said she was able to "do light housekeeping chores (i.e. dusting, cooking, etc.) without assistance." (A.R. 84, 353, 396). Plaintiff also testified that "her son does homeschooling at home and he requires some attention from her and keeps her on her toes throughout the day." (A.R. 86) (Citing "Exhibits B3E, B6E, B11E, and hearing testimony").

Plaintiff also testified that her hands lock up at times with more significant symptoms in her right dominant hand. (A.R. 84, 181-82, 184). She stated that she can brush her teeth and wash her face, but she needs assistance with other personal care. (A.R. 184). However, Plaintiff stated elsewhere in the record that she "assists with household activities and her activities include

meal preparation, ordering groceries online, attending appointments, and watching television." (A.R. 352, 353, 395, 396).  Therefore, the ALJ properly concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent[.]"  (A.R. 86).

The ALJ also appropriately relied on medical evidence inconsistent with disability to discount Plaintiff's complaints.  *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").  As a reason for its decision, the ALJ stated that "the findings on examination as noted in detail . . ., demonstrate that [Plaintiff] can perform functions within the assessed residual functional capacity." (A.R. 88).  In its discussion of the Plaintiff's medical history, the ALJ pointed out that one medical examination found, shortly after her alleged onset of disability, that Plaintiff's gait and station were normal.  (A.R. 86 (citing A.R. 1291)).  Likewise, an examination the next year showed the same thing, and another examination showed no motor deficits and full strength in Plaintiff's arms and legs.  (*Id.* (citing A.R. 1294, 1651)).

Moreover, the ALJ also relied on medical opinions, including Dr. Rule, who found that Plaintiff had fewer limitations than the ALJ incorporated into the RFC.  (A.R. 88).  Of the three medical opinions, the ALJ concluded that K. Vu, D.O., was more consistent with the record. (A.R. 88-89).  Dr. Vu concluded that Plaintiff could do a range of sedentary work.  (*Id.*).  The ALJ found this medical opinion was "supported by the evidence cited . . . including an antalgic gait and MRI imaging show disc bulging as well as the claimant's own description of her activities including no driving and assistance with household activities."  (A.R. 89 (citing Exhibits B2A, 7F and 38F)).

The ALJ ultimately assigned Plaintiff an RFC with significant limitations to account for her limits in walking and holding.  (A.R. 84).  The RFC limited Plaintiff to sedentary work, and includes postural and manipulative limitations to account for Plaintiff's back and hand impairments.  (*Id.*).  The RFC also limited Plaintiff to "the use of a cane for ambulation during the workday." (*Id.*).  Plaintiff's motion does not advocate for any specific change to the RFC, or specific limitations that Plaintiff believes should have been included and are not already addressed by the limitation to sedentary work with other limitations.  *See Valentine v. Comm'r*

*Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) (rejecting challenge to RFC determination where the claimant did "not detail what other physical limitations follow from the evidence of his knee and shoulder injuries, besides the limitations already listed in the RFC").

Thus, based on the review of the record and ALJ opinion, the Court finds that the ALJ sufficiently supported the decision to not fully credit Plaintiff's subjective symptom testimony and the ALJ's RFC was supported by substantial evidence.

## II.     CONCLUSION AND ORDER

Based on the foregoing, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated:   **February 18, 2025**                    /s/ *Erica P. Grosjean*
                                                   UNITED STATES MAGISTRATE JUDGE